UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:06-109

JONATHAN JONES,                                                                                          PLAINTIFF

v.                                                    **OPINION AND ORDER**

BRADLEY A. BLANKENSHIP and
WILLIS SHAW EXPRESS, INC.                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Willis Shaw Express, Inc.'s Motion for Partial Summary Judgment as to Punitive Damages [R. 60]. For the reasons given below, this Motion is GRANTED.

**I.    Factual and Procedural Background**

This action concerns a collision between an automobile and a tractor-trailer which occurred on Interstate 75 in Rockcastle County, Kentucky, on September 6, 2004. Plaintiff Randall Walker, a resident of Tennessee, was the driver of the automobile. Bradley Blankenship, a Defendant in a consolidated claim that has since been settled, was the driver of the tractor-trailer. Defendant Willis Shaw Express, Inc. [hereinafter "Willis Shaw"], an Arkansas corporation, was Blankenship's employer.

On the day of the collision, Blankenship drove the tractor-trailer around a curve in the interstate. Blankenship Depo., p. 41. Further up the interstate, where Walker's car was situated, traffic had slowed to a stop. Walker Depo., pp. 68-69. Blankenship stated that he first saw Walker's car where traffic was stopped approximately one half-mile ahead of him. Blankenship Depo., p. 43. Upon seeing Walker's upcoming car, Blankenship attempted to brake and swerve out of the way. *Id.* at 42. When Walker noticed the tractor-trailer approaching behind him, he also attempted to move

aside to avoid being hit. Walker Depo., p. 69-70. Unfortunately, the parties' efforts were of no avail, as Blankenship struck Walker's car from behind. Both vehicles were damaged, and Walker was seriously injured. Defendant's Motion for Partial Summary Judgment, p. 1.

The tractor-trailer was 53 feet long, and with the load being carried, it weighed approximately 75,000 pounds. Blankenship Depo., p. 34. Blankenship stated that he was going the speed limit of 65 miles per hour when he first saw Walker's car, and was driving in top gear. *Id.* at 40. According to Walker, Blankenship apologized for the accident and said that he "could not stop." Blankenship also indicated that he had not expected traffic to be stopped as it was and was unable to stop in time. *Id.* at 47-49.

Walker brought suit against Willis Shaw, alleging that Blankenship caused the auto collision by negligently operating the tractor-trailer, and that Willis Shaw is vicariously liable by virtue of being Blankenship's employer. Walker claims both compensatory damages and punitive damages. Walker's case was removed to this Court from the state court based on diversity jurisdiction. Once removed, Willis Shaw moved for partial summary judgment on the issue of punitive damages, arguing that it cannot properly be held liable for such damages.

II.     **Summary Judgment Standard**

Under the Federal Rules of Civil Procedure, summary judgment should be granted to the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering whether summary judgment is appropriate, the Court is to view the facts presented and all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

The initial burden is on the moving party to demonstrate the genuine absence of any issue of

material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), a burden which may be met by demonstrating the absence of evidence supporting an essential element of the non-movant's claim. *Id.* at 322-25. Once this initial burden is met by the movant, the burden of production is then shifted to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). To meet this shifted burden, the non-movant is required to go beyond its pleadings and previous allegations and present evidentiary material sufficient for a jury to reasonably find for the party. *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.     Analysis

Since this action is within the Court's subject-matter jurisdiction via diversity of citizenship of the parties, Kentucky law governs the disposition of this Motion. Under Kentucky law, the recovery of punitive damages is governed by Kentucky Revised Statute [hereinafter "KRS"] section 411.184. *See, e.g., McGonigle v. Whitehawk*, 481 F. Supp. 2d 835, 841 (W.D. Ky. 2007); *Stewart v. Estate of Cooper*, 102 S.W.3d 913 (Ky. 2003); *Berrier v. Bizer*, 57 S.W.3d 271 (Ky. 2001). KRS § 411.184 states that punitive damages can only be recovered if the plaintiff proves that the defendant acted with "oppression, fraud or malice." KY. REV. STAT. ANN. § 411.184(2) (2007). The Kentucky Supreme Court has held the statute's strict definition of the term "malice" unconstitutional; instead, the Court held that conduct amounting to common-law "gross negligence" is sufficient for the imposition of punitive damages. *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998). Reliance on KRS § 411.184 is proper despite this negative holding from the Kentucky Supreme Court. The Court's holding only affected subsection (1)(c) of the statute. The remainder of the statute has not been held unconstitutional by the Kentucky courts. *See Berrier*, 57 S.W.3d at 283-84 ("Although KRS

411.184(1)(c) was declared unconstitutional . . . , the opinion specifically did not purport to affect other provisions of the statute." (citations omitted)).

Gross negligence has been defined as a "'wanton or reckless disregard for the safety of other persons' such that the offending conduct is so outrageous that malice could be implied from the facts of the situation." *Estate of Presley v. CCS of Conway*, 2004 U.S. Dist. LEXIS 9583, at *11 (W.D. Ky. May 18, 2004) (quoting *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003)). Walker does not appear to base his claim for punitive damages on any "oppression" or "fraud" in Blankenship's acts, but on the assertion that a jury could find that Blankenship's driving at the time of the collision amounted to gross negligence.

Walker claims punitive damages not against Blankenship himself, however, but against Blankenship's employer, Willis Shaw. KRS § 411.184 states that, "[i]n no case shall punitive damages be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question." KY. REV. STAT. ANN. § 411.184(3) (2007). Thus, in order for Walker to be able to recover punitive damages against Willis Shaw, he must prove both gross negligence on the part of Blankenship, the employee, and that Willis Shaw, the employer, "authorized, ratified, or should have anticipated" Blankenship's gross negligence. *McGonigle*, 481 F. Supp. 2d at 841.

Willis Shaw contests both elements of this claim. It contends that Blankenship's conduct at the time of the collision cannot be considered gross negligence. Further, Willis Shaw argues that even if Blankenship's conduct could be considered gross negligence, it cannot be liable for punitive damages because it never authorized, ratified, or should have anticipated the conduct. Willis Shaw's Motion for Partial Summary Judgment, p. 4-9. Walker contends that Blankenship's gross negligence is a question for the jury to decide, and that Willis Shaw "authorized" its driver, Blankenship, to drive and should have "anticipated" that Blankenship might experience driving problems since he

was a relatively new driver at the time. Walker's Response, p. 5. The Court expresses no opinion on whether Blankenship's driving amounted to gross negligence, for it is clear that Walker cannot prove that Willis Shaw authorized, ratified, or should have anticipated Blankenship's conduct, even if it in fact constituted gross negligence. Willis Shaw is therefore entitled to partial summary judgment on Walker's claim for punitive damages.

Under Kentucky law, it is very difficult to obtain punitive damages against an employer for the negligent acts of its employees. *See McGonigle*, 481 F. Supp. 2d at 842 ("Very few cases on record have recognized vicarious liability for punitive damages."); *Berrier*, 57 S.W.3d at 283 ("Kentucky is the only state with a statute that so broadly limits vicarious liability for punitive damages."). The Kentucky Supreme Court has only allowed vicarious liability for punitive damages "when the employer was aware that the employee had previously engaged in similar unacceptable behavior or when the employer condoned the wrongful action taken by the employee." *Estate of Presley*, 2004 U.S. Dist. LEXIS 9583, at *13. Stating that Willis Shaw "authorized" the purported grossly negligent driving simply by authorizing Blankenship to drive tractor-trailers is not enough for purposes of liability under KRS § 411.184(3). Such a conclusion would automatically impute liability to an employer in every action for punitive damages, a completely illogical result under state law that purports to strongly limit vicarious liability for punitive damages. *See Berrier*, 57 S.W.3d at 283.

Instead, for Walker to prove that Willis Shaw "authorized" or "should have anticipated" Blankenship's acts, he must present evidence that during Blankenship's employment with Willis Shaw, Blankenship exhibited a pattern of conduct similar to the alleged gross negligence, such that Willis Shaw should have reasonably expected the conduct to recur. *See Estate of Presley*, 2004 U.S. Dist. LEXIS 9583, at *13-14 (documenting Kentucky cases addressing punitive damages liability for employers and finding that liability is predicated upon the employer's knowledge of a pattern of

unacceptable conduct previously committed by the employee similar to the conduct complained of); *see also Berrier*, 57 S.W.3d 271; *Ky. Farm Bureau Mut. Ins. Co. v. Troxell*, 959 S.W.2d 82 (Ky. 1997); *Kroger Co. v. Willgruber*, 920 S.W.2d 61 (Ky. 1996). In *McGonigle*, 481 F. Supp. 2d at 841-42, the court also emphasized that it is only an employee's pattern of similar conduct that occurs during the time of his employment that should cause an employer to "anticipate" the grossly negligent act. *Id.*; *see also Troxell*, 959 S.W.2d at 86.

Walker has offered no evidence indicating that Blankenship evinced a pattern of grossly negligent conduct, similar to that alleged in the complaint, such that Willis Shaw should have anticipated any gross negligence that Blankenship committed at the time of the collision. Blankenship successfully completed a tractor-trailer driving program and a certified training program pursuant to beginning his employment with Willis Shaw, and during his employment, he had never been cited for any moving violations. Blankenship Depo. pp. 9-10, 13-14. During his employment, Blankenship had been involved in two very minor driving accidents. However, the circumstances of these are so dissimilar, even trivial, when compared to the complained-of accident that they cannot reasonably be viewed as a pattern of conduct such that Willis Shaw should have anticipated gross negligence, leading to a serious auto collision. Both of these prior accidents involved situations where Blankenship was pulling a tractor-trailer into a parking space at a truck stop. In the first incident, Blankenship backed into a parking space and hit the side-view mirror on the truck beside him, breaking it. The second occurred when Blankenship attempted to make a left turn into a parking space: another truck simultaneously went for the same space, Blankenship swerved left to avoid hitting the truck, and his trailer tires bent the front bumper of a parked truck. *Id.* at 13-14. Neither of these accidents are even remotely similar, or nearly as serious, as the accident complained of. Putting it mildly, it is difficult to believe that these two parking mishaps could possibly amount to pattern of acts such that Blankenship's employer should foresee gross negligence in a two-vehicle

highway collision. Blankenship was not involved in any other auto accident, either as a company trucker or as a private citizen. *Id.* at 14. Moreover, being a relatively new employee, as Blankenship was at the time of the accident, is no reason, in and of itself, for Willis Shaw to anticipate that Blankenship would commit gross negligence in driving a truck up an interstate, particularly after undergoing the requisite vocational training and certification requirements for driving trucks. Punitive damages are an inappropriate remedy against Willis Shaw.

      The Court's conclusion that Willis Shaw cannot be vicariously liable for punitive damages is supported by similar cases applying KRS § 411.184(3). In *Estate of Presley*, one truck driver was speeding up an interstate when he crossed the median into another lane of traffic, causing the plaintiff to hit him and be crushed by another truck coming up from behind. *Estate of Presley*, 2004 U.S. Dist. LEXIS 9583, at *4. The plaintiff sued the employers of both truckers, seeking punitive damages based on their "authorizing, ratifying, or failing to anticipate" the truckers' gross negligence. *Id.* at *12. The court held that neither employer could have anticipated any gross negligence that may have been committed by their truckers, despite the fact that one of the truckers had been previously cited for moving traffic violations, running a red light, and speeding on several occasions, and the other trucker's employer did not even have driving safety/training policies in place at all. *Id.* at *15-16. According to the court, "Plaintiffs have offered no evidence that either employer should have anticipated the accident." *Id.* at *15.

      A further example is *McGonigle*, 481 F. Supp. 2d 835. In *McGonigle*, the plaintiff's car was rear-ended at a stop light by the defendant's employee, who was driving while intoxicated. *Id.* at 837. Prior to his employment with the defendant, the driver had twice been convicted of driving while intoxicated. *Id.* at 837-38. Nevertheless, the court refused to hold the employer liable for punitive damages over the conduct of its employee driver, concluding that despite these past convictions, the employer could not have anticipated that its employee would cause an accident

while driving intoxicated. *Id.* at 842. Though the court placed emphasis on the fact that these convictions occurred before the driver's employment with the defendant, *id.*, the *McGonigle* driver's past convictions were for the exact same kind of incident that the plaintiff complained of—driving while intoxicated. Even so, the court still held that the employer could not have anticipated such conduct recurring. Blankenship's prior accidents, though occurring during his employment with Willis Shaw, bore no similarity at all to the complained-of accident. There is no basis for Walker's contention that Willis Shaw either "authorized" or "should have anticipated" Blankenship's conduct, even were the Court to assume that his conduct amounted to gross negligence. Walker cannot maintain his claim for punitive damages against Willis Shaw.

WHEREFORE, the Court being sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion for Partial Summary Judgment on the Issue of Punitive Damages be GRANTED.

This 13th day of November, 2007.

**Signed By:**
*Karen K. Caldwell*   *KKC*
**United States District Judge**